Benjamin Taylor (State Bar No. 240636)
THE LAW OFFICES OF BENJAMIN TAYLOR
A Professional Corporation
1880 Century Park East, Suite 714
Los Angeles, California 90067
Telephone: (310) 201-7600
Facsimile:  (310) 201-7601
Email: btaylor@taylorlawfirmpc.com

Attorneys for Plaintiffs
Charif, Tony, Adam, and Karl Kazal

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARIF KAZAL; TONY KAZAL; ADAM KAZAL, and KARL KAZAL, <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW PRICE; and DOES 1 through 20, inclusive, <br><br> Defendants. | **CASE NO.: 2:18-cv-08655 R(Ex)** <br> Filed: December 7, 2017 <br><br> Assigned For All Purposes To: <br>     Hon. Manuel L. Real <br>     Courtroom 880 <br><br> **PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> <u>Hearing:</u> <br> Date: February 25, 2019 <br> Time: 10:00 a.m. <br> Ctrm: 880 |

REPLY IN SUPPORT OF MOTION TO AMEND

I.  **PLAINTIFFS SHOULD BE PERMITTED TO FILE THEIR PROPOSED FIRST AMENDED COMPLAINT**

Federal policy favors the resolution of all disputes between the parties in one action.  Thus, where as here the requested amendment is for the purpose of bringing together at trial all the disputes arising from the same set of facts, such requests are routinely granted.  Defendant Matthew Price is correct that requests for amendments "should not be given automatically."  *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991).  However, "[t]he circumstances in which the rule permits denial of leave to amend are limited."  *Id.*  Federal Rules of Civil Procedure, Rule 15 states that "[t]he court should freely give leave when justice so requires."  F.R.C.P. Rule 15(a).  As a result, the rule set down by the courts has been that leave to amend should be freely permitted, unless the opposing party demonstrates "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 935 (1995); s*ee also, Foman v. Davis*, 371 U.S. 178, 182 (1962).

Price correctly concedes that Plaintiffs are not seeking to add any new causes of action or even any new factual allegations via this request for leave to amend, so there are no new facts, claims, or circumstances being alleged in the proposed first amended complaint.  Even if there were new claims or facts being asserted, since no trial date has even been set in the case, and the existing parties are still conducting their discovery, there would be no prejudice in permitting even a substantive amendment at this time.

The amendment sought here, however, is simply a procedural one.  It is seeking only to add additional parties who are also believed to have committed the wrongful acts alleged in the existing complaint, or who aided and abetted existing defendant Price in doing so.  As Price accurately observes, this proposed amendment is akin to a routine "Doe" amendment in state court and, as Price is likely well aware, such state court Doe amendments are accomplished via a simple

court form with no motion even necessary.  Clearly, there can be no dispute that all identical claims against a group of defendants who were and are acting in concert should be tried in one action.

     Price nevertheless opposes Plaintiffs' request for leave to amend to add additional defendants.  Yet Price cannot establish any prejudice that would result from the addition of these three new defendants, nor has he established any other valid factor that would cut against granting the request for amendment.

     Price's only contention is that the claims in the existing complaint are time barred, and thus futile.  Price is wrong.  Price's contention is based on his attempt to mischaracterize Plaintiffs' complaint as being one for defamation based on a single wrongful act of publication.  However, this is neither a defamation case, nor is it based on a single wrongful act.  Plaintiffs' complaint asserts two causes of action, one for the tortious interference with business relations and one for intentional infliction of emotional distress.  These torts are subject to a three year statute of limitations.  C.C.P. § 335.  The complaint also expressly alleges that the wrongful conduct upon which these two tort claims are based is not a single or discrete act; rather, the complaint expressly alleges that the wrongful conduct commenced in early 2016 and continued unabated.  Accordingly, since the tortious conduct was continuous and ongoing, Plaintiffs' complaint also seeks permanent injunctive relief.  Thus, the existing claims are not time-barred and, in fact, the complaint would still be timely if it were filed today.

     Not surprisingly, Price has not even attempted to show any prejudice that would or could result from permitting this procedural amendment.  This is because none could conceivably exist.  Price was admittedly well-aware of the existence and involvement of the proposed additional defendants, long before Plaintiffs discovered their existence and the extent of their potential culpability.  While the existence of some of these proposed defendants may have come to light earlier than the filing of this motion, as Price is keen to point out, Plaintiffs did not initially have enough

facts to immediately believe there were grounds to add these persons as defendants. Moreover, Price concedes this action was originally commenced in the United States District Court for the Middle District of Florida, and was not transferred to this court until October of 2018. Price does not and cannot dispute that until this transfer occurred, there was no personal jurisdiction over the proposed additional defendants. Plaintiffs thus could not have sought to add these persons as defendants at any earlier point in time and, as Price concedes, Plaintiffs sought this leave to amend almost immediately after the transfer of the case to this court had occurred.

In sum, the existing claims are neither time barred nor futile as to Price or as to the proposed additional defendants, and Price simply cannot point to any bad faith, undue delay, or prejudice that could possibly result from permitting Plaintiffs to file their proposed First Amended Complaint that seeks only to add three additional defendants. On the other hand, this amendment is necessary and proper in order to resolve in one action all claims against all parties that undisputedly arise out of the same set of facts and circumstances. Plaintiffs' motion should be granted.

## II.  CONCLUSION

Based on the foregoing, it would clearly be in the furtherance of justice for plaintiffs to be allowed to file their proposed First Amended Complaint, and defendant Price has not demonstrated any valid grounds for denying leave. Therefore, Plaintiffs respectfully request that this court grant their motion for leave to amend, and permit the filing of the First Amended Complaint.

DATED: February 11, 2019                THE LAW OFFICES OF BENJAMIN TAYLOR
                                        A Professional Corporation

                                        By: _____
                                            Benjamin Taylor
                                            Attorneys for Plaintiffs
                                            Charif, Tony, Adam, and Karl Kazal

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2019, I caused a true and correct copy of the foregoing to be served via the U.S. District Court's CM/ECF system, which will provide a copy to all counsel of record registered to received CM/ECF notifications.

_____
Benjamin Taylor