NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARIF KAZAL; et al., | ) | CASE NO. CV 18-8655-R |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |
| v. | ) | |
| | ) | |
| MATTHEW PRICE; et al.; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint ("FAC"), filed January 16, 2019. (Dkt. 46). This Court took the matter under submission on February 26, 2019.

While Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave when justice so requires," leave to amend is not granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). When determining whether to grant leave to amend, courts in the Ninth Circuit consult four factors: "(1) bad faith on the part of plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Here, Plaintiff moves to add the following newly discovered defendants: Ryan Wells, Michael Hatch, and Paul Kolesa. Plaintiffs argue that there is no undue delay, bad faith, futility of

amendment, or prejudice to the opposing party.  Specifically, Defendant Price would not be prejudiced by the addition of the newly discovered defendants because there are no new factual allegations and he allegedly already knew of the identity and involvement of the newly discovered defendants.  This Court agrees.

      **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED.  (Dkt. 46).  Plaintiffs shall file the First Amended Complaint attached to their motion within 36 hours of receipt of this Order.

Dated: February 12, 2019.

                                                  MANUEL L. REAL
                                    UNITED STATES DISTRICT JUDGE